## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**GAEL GARON,**
      **Plaintiff**

**CIVIL ACTION**

**VERSUS**

**NO.  24-2599**

**ILLINOIS CENTRAL
RAILROAD COMPANY,**
      **Defendant**

**SECTION: "E" (4)**

## ORDER AND REASONS

Before the Court is a motion to compel filed by Defendant Illinois Central Railroad Company ("Defendant").[1] Plaintiff Gael Garon filed an opposition.[2] Defendant filed a reply.[3]

## BACKGROUND

This case arises out of Plaintiff's diagnosis of mesothelioma. Plaintiff alleges she developed mesothelioma due to secondary exposure to asbestos through her father, Robert Garon, who worked for Defendant from 1949 to the late 1990s. Plaintiff filed suit in the Civil District Court for Orleans Parish on May 9, 2024, asserting claims for products liability, negligence, and premises liability.[4] Defendant removed this case to this Court on November 4, 2024.[5]

On December 2, 2025, Defendant filed this Motion to Compel.[6] Defendant requests that this Court order Plaintiff to submit a 10mL (two teaspoons) blood sample to Defendant for Whole Genome Sequencing ("WGS").[7] Defendant argues that inherited genetic mutations potentially caused Plaintiff's mesothelioma, rather than exposure to

---

[1] R. Doc. 38.
[2] R. Doc. 42.
[3] R. Doc. 45.
[4] R. Docs. 1-2, 1-3.
[5] R. Doc. 1.
[6] R. Doc. 38.
[7] *Id.*

1

asbestos through her father.[8] Defendant offers an affidavit from expert Leonel M. van Zyl, Ph.D., who states therein that Plaintiff's personal and family medical history suggests the presence of genetic mutations in Plaintiff's DNA "capable of causing mesothelioma independent of any asbestos exposure."[9] Defendant argues WGS has the potential to identify whether Plaintiff has these genetic mutations that can independently cause mesothelioma and that this information could prove important and potentially dispositive in this case.[10] In addition, Defendant argues this procedure, which only requires a blood drawing, is minimally invasive.[11]

In opposition, Plaintiff argues Defendant has not demonstrated good cause for the Court to order a blood sample for WGS.[12] Plaintiff offers an affidavit from its own expert, Dr. Brent Staggs, who states therein that "genetic mutations do not cause mesothelioma in the absence of asbestos exposure."[13] Furthermore, Plaintiff argues the issue of whether genetic mutations can cause mesothelioma absent asbestos exposure is irrelevant because Plaintiff was in fact exposed to asbestos through her father.[14]

## LAW AND ANALYSIS

Federal Rule of Civil Procedure 35 governs a request for blood sampling.[15] Rule 35 states "[t]he court where the action is pending may order a party whose mental or physical condition-including blood group-is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."[16] The court may issue such an

---

[8] R. Doc. 38-1 at p. 3.
[9] R. Doc. 38-3 at ¶ 2.
[10] R. Doc. 38-1 at p. 3.
[11] *Id.*
[12] R. Doc. 42 at p. 4.
[13] R. Doc. 42-2 at ¶ 16.
[14] R. Doc. 42 at p. 4.
[15] *Miller v. Diego*, No. 3:17-CV-593-TSL-RHW, 2018 WL 8967203, at *1 (S.D. Miss. Apr. 23, 2018); *Howell v. Hillcorp Energy Co.*, No. CIV.A. 12-0293, 2013 WL 1455758, at *2–3 (E.D. La. Apr. 9, 2013) (citing *Smith v. Serviceman's Group Life Insurance,* 124 F.R.D. 195, 196 (N.D.Ind.1989) (ordering blood test in insurance policy dispute)).
[16] Fed. R. Civ. P. 35(a)(1).

order "on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it."[17] In determining whether a Rule 35(a) motion will be granted, the moving party must show that (1) the physical or mental sate of the party to be examined is in controversy and (2) good cause exists as to why the motion should be granted.[18] Federal courts in other circuits have compelled blood samples for genetic testing,[19] as have Louisiana state courts.[20]

Defendant's request for Plaintiff to submit a blood sample for genetic testing satisfies Rule 35. Plaintiff's physical injury is in controversy as she argues she developed mesothelioma due to secondary asbestos exposure attributable to Defendant and there is no other means of obtaining Plaintiff's genetic information. In addition, Defendant has demonstrated good cause for the examination. Defendant's genetic expert Leonel van Zyl states in an affidavit that Plaintiff may have developed mesothelioma independent of any asbestos exposure.[21] This statement calls into question whether any alleged exposure to asbestos caused Plaintiff's mesothelioma. Furthermore, the examination in question requires drawing only 10ml of blood. As the results of the WGS are relevant to determining the cause of Plaintiff's mesothelioma and the procedure is minimally

---

[17] Fed. R. Civ. P. 35(a)(2)(A)-(B).
[18] *Id.; Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964).
[19] *Burt v. Winona Health*, No. CV 16-1085 (DWF/FLN), 2018 WL 3647230, at *2 (D. Minn. Aug. 1, 2018)(granting a motion to compel blood sampling for WGS); *Bennett, By & Through Bennett v. Fieser,* No. 93-1004-MLB, 1994 WL 542089, at *2 (D. Kan. Feb. 25, 1994) (holding defendant made a sufficient showing to order a blood test for genetic testing).
[20] *Chauvin v. Exxon Mobil Corp., et al*, No. 713-971 (La. 24th Jud. Dist. Ct. Jefferson Par. Sept. 6, 2013) (order granting motion for genetic testing of plaintiff's tissue and blood); *Guzman v. Exxon Mobil Corp., et al*, No. 693-606 (La. 24th Jud. Dist. Ct. Jefferson Par. May 15, 2012) (order granting motion for plaintiff to submit to a blood test); *Craft v. Eagle, Inc.,* No. 2023-11586 (Orleans Civ. Dist. Ct. July 1, 2024) (order compelling blood sample for genetic testing). While this Court applies the Federal Rules of Civil Procedure, Louisiana Code of Civil Procedure article 1464 mirrors Fed. R. Civ. P. 35, requiring that for a court to order an additional medical examination, (1) the physical or condition of the party sought to be examined must be in controversy and (2) good cause must exist for the examination.
[21] R. Doc. 38-2.

invasive, good cause exists for an order compelling the blood sample necessary to complete the WGS.

<b><u>CONCLUSION</u></b>

**IT IS ORDERED** that Defendant's Motion to Compel[22] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties meet and confer by **January 14, 2026** and submit a joint proposed order compelling Plaintiff to submit to a blood test to be used for Whole Genome Sequencing on or before **January 19, 2026**.

**New Orleans, Louisiana, this day 6th day of January, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[22] R. Doc. 38.