## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**GAEL GARON,**
    **Plaintiff**

**CIVIL ACTION**

**VERSUS**

**NO. 24-2599**

**ILLINOIS CENTRAL RAILROAD COMPANY,**
    **Defendant**

**SECTION: "E" (4)**

### ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Defendant Illinois Central Railroad Company ("Defendant").[1] Plaintiff Gael Garon filed an opposition.[2] Defendant filed a reply.[3]

### BACKGROUND

This case arises out of Plaintiff's diagnosis of mesothelioma. Plaintiff alleges she developed mesothelioma due to secondary exposure to asbestos through her father, Robert Garon, who worked for Defendant from 1949 to the late 1990s.[4] Plaintiff filed suit in the Civil District Court for Orleans Parish on May 9, 2024, asserting claims for products liability, negligence, and premises liability.[5] Defendant removed this case to this Court on November 4, 2024.[6]

On June 16, 2026, Defendant filed this motion for summary judgment[7] with an accompanying statement of undisputed material facts.[8] Although Plaintiff filed an opposition to Defendant's motion for summary judgment and included her own

---

[1] R. Doc. 54.
[2] R. Doc. 60.
[3] R. Doc. 61.
[4] R. Doc. 1-2 at p. 2.
[5] R. Docs. 1-2, 1-3.
[6] R. Doc. 1.
[7] R. Doc. 54.
[8] R. Doc. 54-2.

statement of uncontested material facts,[9] Plaintiff did not specifically admit or deny any of Defendant's statements of fact, nor did Plaintiff address any of Defendant's statements in her own statement of uncontested facts. Local Rule 56.2 states that "[a]ll material facts in the moving party's statement will be deemed admitted, for purposes of the motion, unless controverted in the opponent's statement." Only Defendant's statements of fact numbered 1 through 20 are factual statements; Defendant's statement of fact number 21 is no longer true insofar as it states that the "present uncontroverted evidence is that Plaintiff's mesothelioma was not caused by exposure to asbestos" because the Court will amend the scheduling order to allow the Plaintiff's late production of the report; and the remainder of the statements of fact are in reality statements of law.[10] As Plaintiff fails to controvert Defendant's statements of fact numbered 1 through 20, the Court considers these statements of fact as undisputed for purposes of this motion.

Accordingly, the following facts are undisputed. On April 10, 2025, this Court entered a scheduling order setting this matter for a jury trial on February 2, 2026.[11] Under this scheduling order, Plaintiff was required to provide her expert reports to Defendant on or before October 3, 2025.[12] Plaintiff did not produce any expert reports by this deadline.[13] On November 20, 2025, the Court continued the trial date in this matter and entered a new scheduling order[14] requiring Plaintiff to produce her expert reports to Defendant on or before May 15, 2026 and Defendant to produce its expert reports to Plaintiff on or before June 16, 2026.[15] Plaintiff did not produce any expert reports by the May 15, 2026 deadline.[16] Defendant timely produced three expert reports before the

---

[9] R. Doc. 60-1.
[10] R. Doc. 54-2 at p. 4.
[11] R. Doc. 54-2 at p. 1 ¶ 3.
[12] *Id.* at p. 2 ¶ 8.
[13] *Id.* at p. 2 ¶ 10.
[14] *Id.* at p. 2 ¶ 13.
[15] *Id.* at pp. 2-3 ¶ ¶ 14, 16.
[16] *Id.* at p. 3 ¶ 15.

deadline: a report from Dana M. Hollins dated November 4, 2025; a report from Leonel M. van Zyl dated May 21, 2026; and a report from Victor L. Roggli dated May 26, 2026.[17]

Defendant argues Plaintiff has missed her deadline to produce her expert reports and, as a result, cannot meet her burden of proving that exposure to asbestos caused her mesothelioma.[18] Defendant argues that, because Plaintiff cannot establish this essential element of her claim, Defendant is entitled to summary judgment on Plaintiff's claim.[19]

In opposition, Plaintiff argues Defendant did not timely provide her with results of a Whole Genome Sequencing test that Plaintiff's expert needed to complete his expert opinion.[20] As a result, Plaintiff argues the Court should deny Defendant's motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[21] "An issue is material if its resolution could affect the outcome of the action."[22] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[23] "All reasonable inferences are drawn in favor of the nonmoving party."[24] There is no genuine issue of material fact if, even viewing the evidence in the light most

---

[17] *Id.* at p. 3 ¶ 17.
[18] R. Doc. 54 at p. 1.
[19] R. Doc. 54-1 at p. 10.
[20] R. Doc. 60 at p. 2.
[21] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[22] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[23] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).
[24] *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[25]

If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[26] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[27]

On the other hand, if the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[28] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the

---

[25] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).

[26] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).

[27] *Celotex*, 477 U.S. at 322-24.

[28] *Id.* at 331-32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322-24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).

moving party is entitled to summary judgment as a matter of law.[29] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[30] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[31] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[32] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[33]

Still, "unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim.

---

[29] *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).
[30] *Celotex*, 477 U.S. at 332-33.
[31] *Id.*
[32] *Id.* at 332-33 n.3.
[33] *Id.* at 332 n.3; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.

'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[34]

## LAW AND ANALYSIS

**I.      The Court will amend the Scheduling Order to allow Plaintiff to submit her expert's report.**

The Court entered a Minute Entry, with an amended scheduling order, on November 20, 2025. [35] The amended scheduling order required that the Plaintiff's expert reports be provided to defense counsel by May 15, 2026. At the status conference on July 7, 2026, the parties represented to the Court that Plaintiff submitted the expert report of Dr. Brent C. Staggs to Defendant on June 16, 2026, after Defendant filed the present motion for summary judgment.[36] Counsel for the Plaintiff requested that the Court modify the amended scheduling order to allow Plaintiff to use the expert report of Dr. Staggs.

Although Plaintiff provided her report to Defendant well after the May 15, 2026 deadline, the Court finds good cause exists to amend the amended scheduling order to allow Plaintiff to submit Dr. Staggs' report after the deadline. Federal Rule of Civil Procedure 16(b)(4) allows scheduling orders to be modified to admit expert testimony for good cause and with the judge's consent.[37] In determining whether good cause exists to admit untimely expert testimony, district courts in the Fifth Circuit consider four factors: "(1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a

---

[34] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (first citing *Celotex*, 477 U.S. at 324; then *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994); and then quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

[35] R. Doc. 37.

[36] Dr. Staggs' expert report is attached hereto as Attachment 1.

[37] FED. R. CIV. P. 16(b)(4); *Conroe v. Ins. Co. of the W. (ICW)*, No. CV H-18-2855, 2019 WL 13090154, at *2 (S.D. Tex. Nov. 22, 2019).

continuance to cure such prejudice."[38] Trial courts have "broad discretion to preserve the integrity and purpose" of a scheduling order.[39] Courts in this circuit have allowed plaintiff's to designate experts after the court mandated deadline to do so had passed, even when the Plaintiff failed to provide an adequate explanation for the untimely designation, when the expert could provide essential testimony at trial.[40]

Considering the Fifth Circuit factors, good cause exists to allow Plaintiff to submit Dr. Staggs' expert report past the May 15, 2026 deadline. Plaintiff's counsel explained that he believed Dr. Staggs could not complete his expert report until Plaintiff received from Defendant the results from the Whole Genome Sequencing, and that he did not receive these results until Defendant filed its motion for summary judgment. Defendant has provided evidence showing that defense counsel reported to Plaintiff's counsel that a company called Breakthrough Genomics ("BTG") would send the results to Plaintiff's counsel on March 18 or 19, 2026.[41] Defendant also provided the email that BTG sent to Plaintiff's counsel on March 19, which contained the link to the test results.[42] These emails demonstrate that Plaintiff has had access to the results of the Whole Genome Sequencing for months. At the July 7, 2026 status conference, Plaintiff's counsel informed the Court that, although BTG sent the results to his email address, he was not aware he had received the results. Plaintiff's counsel did not provide any justification for this inattentiveness. The Court acknowledges that Plaintiff has provided, at best, a weak explanation for failing to produce her expert's report on or before the May 15, 2026 deadline. Accordingly, the

---

[38] *Izaguirre v. Ugland Marine Mgmt. AS*, No. CIV.A. H-11-4195, 2012 WL 4104791, at *1 (S.D. Tex. Sept. 17, 2012)(quoting *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

[39] *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990).

[40] *Conroe v. Ins. Co. of the W. (ICW)*, No. CV H-18-2855, 2019 WL 13090154, at *2 (S.D. Tex. Nov. 22, 2019)(allowing a plaintiff to designate an expert after the deadline, even though plaintiff did not provide an adequate explanation for his untimeliness, because the expert's testimony was "essential to the remaining issue for trial."); *Izaguirre*, 2012 WL 4104791, at *2 (allowing a plaintiff to designate an expert after the deadline, even though their failure to abide by the court's deadlines was not a result of excusable neglect, because the expert's testimony was "essential to plaintiff's claims.").

[41] R. Doc. 61-5 at p. 1.

[42] R. Doc. 61-1.

first Fifth Circuit factor—the explanation for the failure to provide the expert report—weighs against Plaintiff.

However, the second Fifth Circuit factor—the importance of Dr. Staggs' expert testimony—weighs heavily in favor of allowing Plaintiff to submit her expert report past the deadline. In *Conroe v. Insurance Company of the West*, the United States District Court for the Southern District of Texas found this factor supported allowing a plaintiff to designate an expert after the deadline when the expert's testimony was "essential to the remaining issue for trial."[43] In this matter, Dr. Staggs opines in his report that "significant exposures to asbestos from [Plaintiff's] frequent and regular take-home exposure to asbestos-containing products over her lifetime" caused her mesothelioma.[44] Such testimony is essential to proving the causation element of Plaintiff's claims against Defendant and, as a result, is important.

Moreover, the remaining considerations of potential prejudice to Defendant and the availability of a continuance also weigh in favor of allowing Plaintiff to submit Dr. Staggs' expert report. In *Conroe*, the court found the defendant would suffer some prejudice from plaintiff designating an expert after the deadline because the defendant had not had the opportunity to depose the expert.[45] However, this prejudice would be cured by a continuance of the discovery deadline.[46] Similarly, in this case, while Defendant has suffered prejudice due to Plaintiff's repeated delays in providing Dr. Staggs' expert report, the Court has continued the discovery deadline until July 30, 2026, allowing both parties an opportunity to depose each other's experts, and continued the deadline for filing non-evidentiary pre-trial motions and motions in limine until August

---

[43] 2019 WL 13090154, at *2.
[44] Attachment 1 at p. 36.
[45] 2019 WL 13090154, at *2.
[46] *Id* at *3.

6, 2026.[47] These continuances will allow Defendant to adequately examine Dr. Staggs and his opinions and to obtain any information it deems necessary to respond to his opinions and to file any appropriate motions. Accordingly, these continuances will cure any prejudice Defendant faces from allowing Plaintiff to submit her expert report after the deadline.

Because Dr. Staggs' testimony is essential to Plaintiff's case and the Court has cured any prejudice to Defendant by continuing the discovery and dispositive motions deadlines, the Fifth Circuit factors weigh in favor of allowing Plaintiff to submit her expert report after the deadline. Accordingly, the Court will consider Dr. Staggs expert report in ruling on Defendant's motion for summary judgment.

## II.   Defendant is not entitled to judgment as a matter of law because Plaintiff has produced an expert report that creates genuine disputes of material fact.

Defendant is not entitled to judgment as a matter of law on Plaintiff's claims because Plaintiff has produced an expert report that disputes the expert reports provided by Defendant. Considering Dr. Staggs' expert report, disputed issues of material fact exist as to whether Plaintiff can satisfy the causation element of her asbestos exposure claim.

To prevail in an asbestos exposure case, a plaintiff must prove that "(1) his exposure to the defendant's asbestos product was significant, and (2) that this exposure caused or was a substantial factor in bringing about his mesothelioma."[48] The Fifth Circuit has noted that asbestos exposure cases are "toxic-tort cases. . .requir[ing] expert testimony to prove causation."[49] Defendant argues Plaintiff cannot establish that her exposure to asbestos caused her mesothelioma and that entitles it to summary

---

[47] R. Doc. 62. The Defendant did not request continuances of any other deadlines.
[48] *Robertson v. Doug Ashy Bldg. Materials, Inc.,* 168 So. 3d 556,565 (La. App. 1 Cir. 2014) (citing *Rando v. Anco Insulations, Inc.,* 16 So. 3d 1065, 1092 (La. 2009)).
[49] *Schindler v. Dravo Basic Materials Co., Inc.*, 790 F. App'x 621, 625 (5th Cir. 2019).

judgment.[50] However, Defendant made this argument under the assumption that Plaintiff did not have an expert's opinion to support the causation element of her exposure claim.

Since Defendant filed the present motion, Plaintiff has provided Defendant and the Court with the attached expert report of Dr. Staggs, in which he opines that Plaintiff had significant exposures to asbestos over her lifetime from her frequent and regular take-home exposure to asbestos-containing products, and that her mesothelioma was caused by these identified and substantial exposures to asbestos.[51] In Defendant's expert reports, Ms. Hollins opines that Plaintiff's alleged exposure to asbestos from her father's work did not increase Plaintiff's risk of developing mesothelioma and that her mesothelioma may have been spontaneous in origin.[52] In Dr. van Zyl's report, he opines that an inherited germline variant in Plaintiff's DNA caused her mesothelioma, rather than exposure to asbestos.[53] In Dr. Roggli's report, he opines that Plaintiff's germline mutations may have caused her mesothelioma and that the alleged asbestos exposure did not cause or contribute to her illness.[54] Dr. Staggs' opinion that Plaintiff's mesothelioma was caused by identified and substantial exposures to asbestos directly contradicts the expert opinions provided by Defendant's experts, who opine that Plaintiff's alleged exposure to asbestos from her father's work did not increase Plaintiff's risk of developing mesothelioma.[55] Dr. Staggs' opinion, if believed, would permit a reasonable jury to find that the Defendant caused Plaintiff's injury.

Because both Plaintiff and Defendant designated experts to testify, and their opinions differ, each party is free to question the opposing expert regarding methodology and conclusions at trial. These conflicting opinions have created "a classic 'battle of the

---

[50] R. Doc. 54-1 at p. 10.
[51] Attachment 1 at p. 36.
[52] R. Doc. 54-6 at p. 36.
[53] R. Doc. 54-8 at pp. 64-65.
[54] R. Doc. 54-7 at pp. 1-2.
[55] *Id*; R. Docs. 54-6 at p. 36, 54-8 at pp. 64-65.

experts,' the winner of which must be decided by a jury."[56] In effect the Defendant is asking the Court to credit its experts' testimony over that of the Plaintiff's expert, but the Court cannot make credibility determinations or weigh evidence at this time. "In the ultimate analysis, the trier of fact is the final arbiter as between experts whose opinions may differ as to precise causes."[57] Even though Defendant's statements of undisputed fact numbered 1 through 20 are accepted as true for purposes of the motion, there still exist genuine disputes of material fact as to whether Plaintiff's alleged exposure to asbestos caused her mesothelioma. The jury ultimately must decide, if the testimony ultimately is admitted at trial, whether it believes Plaintiff's expert or Defendant's experts. For these reasons, the Court will deny Defendant's motion for summary judgment.

## CONCLUSION

**IT IS ORDERED** that Defendant's motion for summary judgment is **DENIED**.[58]

**New Orleans, Louisiana, this day 13th day of July, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[56] *Cox v. Provident Life & Accident Ins. Co.*, 878 F.3d 504, 507 (5th Cir. 2017).
[57] *Pittman v. Gilmore*, 556 F.2d 1259, 1261 (5th Cir. 1977).
[58] R. Doc. 54.